IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RODOLFO AVILA PICHARDO, ) | |
| ID # 1009253, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:03-CV-0890-R |
| ) | |
| DOUGLAS DRETKE,[1] Director, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I.  BACKGROUND

**A.  Nature of the Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B.  Parties:** Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Douglas Dretke, Director of TDCJ-CID.

**C.  Procedural History:** On October 12, 2000, petitioner was convicted of aggravated sexual assault, and was sentenced to twenty-seven years imprisonment. S.H. Tr.[2] at 39 (Judgment

---

[1] On August 1, 2003, the Texas Department of Criminal Justice - Institutional Division became the Texas Department of Criminal Justice - Correctional Institutions Division, and Douglas Dretke became the Director of the renamed division. The Court thus substitutes him for Janie Cockrell. *See* Fed. R. Civ. P. 25(d)(1).

[2] "S.H. Tr." denotes the state habeas records attached to *Ex parte Pichardo*, No. 52,968-01, slip op. (Tex. Crim. App. July 31, 2002).

in Cause No. F00-46308-NP). On October 9, 2001, the court of appeals affirmed his conviction. *Pichardo v. State*, No. 05-00-01868-CR, 2001 WL 1183286, at *2 (Tex. App. – Dallas 2001, no pet.) Petitioner filed no PDR. *See Pichardo v. State*, No. 05-00-01868-CR, http://www.courtstuff.com/FILES/05/00/05001868.HTM (docket sheet information generated Mar. 23, 2005) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas). On May 22, 2002, petitioner filed a state petition seeking habeas relief. *See* S.H. Tr. at 2. The Texas Court of Criminal Appeals denied the petition on July 31, 2002. *See Ex parte Pichardo*, No. 52,968-01, slip op. at 1 (Tex. Crim. App. July 31, 2002).

Petitioner filed the instant petition on April 22, 2003, when he placed it in the prison mail system. (Petition for Writ of Habeas Corpus (Pet.) at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). He claims that he is being held unlawfully because his attorney failed to (1) attack and impeach the credibility of a witness, (2) advise him that he was entitled to a plea agreement, (3) object to various matters at trial, (4) investigate the criminal background of a witness, (5) obtain a medical report of the alleged victim, (6) allow petitioner to testify, and (7) object to jury composition. (Pet. at 7; Supp. Mem. at 1-5.) He further claims that he was denied equal protection when the State prosecuted him before a jury that contained no members of his race. (Pet. at 7; Supp. Mem. at 5-7.) He also claims that he was denied the right to testify against his accuser and confront witnesses. (Pet. at 7; Supp. Mem. at 7-11) Lastly, he claims that insufficient evidence supports his conviction. (Pet. at 8; Supp. Mem. at 12-15.)

On August 6, 2003, respondent filed an answer wherein he seeks to dismiss the instant action for the failure of petitioner to file it within the statutory period of limitations. (*See* Answer at 3-6.) Petitioner filed no reply to that answer.

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (C). Thus, as § 2244(d)(1) relates to this case, the Court will calculate the one-year statute of limitations from the latest of (A) the date petitioner's conviction became final or (D)

3

the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

In this case, petitioner appealed his conviction but filed no PDR. The state conviction therefore becomes final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.* thirty days after the appellate court rendered its judgment on October 9, 2001. *See Roberts v. Cockrell*, 319 F.3d 690, 692, (5th Cir. 2003) (rejecting reliance upon the date of mandate). Petitioner's state judgment of conviction thus became final on November 8, 2001.

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's state judgment of conviction became final on November 8, 2001. At or before trial, petitioner would have known, or should have known through the exercise of due diligence, the factual predicate of his various claims.

Because petitioner filed his petition more than one year after his conviction became final, a literal application of § 2244(d)(1) renders his April 22, 2003 filing untimely.

### III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was

pending before the Texas state courts.  *See also*, *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state petition on May 22, 2002, he had used approximately six and one half months (195 days) of the year he had to file the instant federal petition.  Nevertheless, the filing of his state petition tolled the statute of limitations until the Texas Court of Criminal Appeals denied the writ on July 31, 2002.  The AEDPA clock began to run again on August 1, 2002, and expired before petitioner filed the instant petition on April 22, 2003.  Accordingly, the statutory tolling provision does not save the instant federal petition.

Respondent asserts that petitioner is not entitled to equitable tolling.  (*See* Answer at 5-6.) Despite an opportunity to reply to such assertion, (*see* Order to Show Cause (granting petitioner thirty days to file a traverse or response to respondent's answer, if respondent raises the statute of limitations as a defense)), petitioner has provided nothing which indicates that rare and exceptional circumstances warrant equitable tolling, *see Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling in such circumstances); *Henderson* v. *Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same).  Habeas petitioners have the burden to show entitlement to equitable tolling.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  Because petitioner has not carried his burden to show that equitable tolling is warranted, such tolling does not save the instant petition.  In the absence of equitable tolling, the April 22, 2003 filing falls outside the statutory period and should be deemed untimely.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 30th day of March, 2005.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE